IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    Civil No. 99-1540 (JP)

$1,775,497.00 IN FUNDS SEIZED
FROM BANCO POPULAR ACCOUNT NO.
004-205510,

Defendant.

*Consol w/ 98-2437(JAF)*

[Stamp: RECEIVED AND FILED 2000 AUG -7 PM 8:06 CLERK'S OFFICE ANNEX U.S. DISTRICT COURT OLD SAN JUAN, PR.]

### DEFAULT DECREE OF FORFEITURE

This is a civil action filed by the United States of America for the forfeiture of the above named defendant property. The United States alleges that the defendant property was involved in money laundering, in violation of 18 U.S.C. §§ 1956 and/or 1957, therefore subject to forfeiture under 18 U.S.C. § 981. The jurisdiction of the Honorable Court is asserted pursuant to 28 U.S.C. §§ 1345 and 1355.

On October 10, 1997, officers of the Federal Bureau of Investigation seized all funds held at Banco Popular account number 004-205510, in the name of Worldwide International Bank ("Worldwide").

On December 23, 1998, Worldwide filed a Complaint for the return of the seized monies and was assigned civil number 98-2437 (JAF).

On May 21, 1999, the United States filed a Complaint for Forfeiture <u>In Rem</u> against the $1,775,497.00 in funds seized form Banco Popular account number 004-205510.[1] The case was assigned civil number 99-1540 (JP).

Upon motion by Worldwide, both cases were eventually consolidated and remained assigned to the undersigned Judge.

In regards to case number 99-1540, on or about June 9, 1999, Worldwide International Bank filed a notice of voluntary submission to the jurisdiction of the Court as well as a claim over the seized funds. It also filed its answer to the complaint on June 18, 1999.

Also in case 99-1540, an affidavit of publication was filed on August 23, 1999 by the United States attesting that notice was caused to be published on July 28, 1999, in "El Nuevo Día", a daily newspapers of general circulation in the Island of Puerto Rico, allowing any person having a claim in the above mentioned defendant property to state the same before this court.

After a series of pre-trial developments in both cases, Worldwide's legal representation, the firm of Troncoso and Becker, sought to withdraw as counsel.  Worldwide was given several opportunities to seek new legal representation, but each time they failed to comply with the Court's orders.

---

[1] By way of Notice to the Court, the United States informed to this Court that the correct seized amount was $1,520,497.00 rather than $1,775,497.00.

Consequently, on May 3, 2000, the Court, as sanction for their non-compliance, entered Judgment dismissing case number 98-2437, which was the complaint they had failed for the return of the seized funds, and struck all defenses raised by Worldwide in the present case.

On June 2, 2000, Worldwide was, once more, afforded a last chance to obtain new legal representation and was warned that failure to appear with new legal representation by June 29, 2000, would result in the entry of default against it.  Worldwide, true to form, failed to comply.

On July 26, 2000, this Court, in view of Worldwide's failure to comply with its orders, entered default against it.

This Court knows of no other claims over the seized funds has been filed, as provided for in Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims, and any future claims would be time-barred.

Now, therefore, on motion by plaintiff, the United States, for a Default Decree of Forfeiture, it is hereby

ORDERED, ADJUDGED, AND DECREED that the defendant seized funds be forfeited to the United States of America and no right, title, or interest in the same shall exist in any other party. The defendant property will be disposed of or utilized according to law by the United States Marshal Service.

*[Handwritten at top: U.S. v. 1775, 497 Civ. No. 99-1540]*

SO ORDERED.

In San Juan, Puerto Rico, this 7/7 day of August 2000.

*[Signature]*

JAIME PIERAS, JR.
U.S. Senior District Judge

*[Handwritten note in left margin: Distinguished U.S. Attorney — Be more selective in selecting Secretarial Staff — you are making everybody work overtime]*

-4-